IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALGIE WILSON, | ) | CASE NO. 1:07 CV 835 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| DAVID BOBBY, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the petition of Algie Wilson for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Wilson is currently incarcerated at the Trumbull Correctional Institution in Leavittsburg, Ohio.[3] He is serving consecutive sentences totaling 27 years imposed in 2004 after he pled guilty in Cuyahoga County Common Pleas Court to charges of aggravated robbery, failure to comply, aggravated robbery with specifications, and robbery with specifications.[4]

---

[1] ECF # 5.

[2] ECF # 1.

[3] *Id*. at 1.

[4] *See*, ECF # 8 at 11-12.

In this petition, Wilson raises a single ground for relief, asserting that the trial court committed a *Blakely*[5] violation by making factual findings in the course of imposing consecutive sentences.[6]

For the reasons that follow, I recommend finding that no *Blakely* violation occurred because Wilson, by pleading guilty, received a sentence he agreed to as part of his plea. Therefore, I recommend that this petition should be denied.

## Facts

**A.     Underlying offense, guilty plea and sentence**

The underlying facts were found by the state appeals court[7] to be as follows:

> Beginning at 6 a.m. on June 18, 2004, the defendant entered a McDonald's on Euclid Avenue where he robbed the cashier by removing money from her register. He fled in his car and in the process ran over another McDonald's employee who was trying to stop him. That victim suffered a broken leg. An hour later, defendant robbed a Shell gas station on Euclid Avenue attended by a 15-year-old male. At 12:17 p.m., defendant shoved a 22-year-old clerk at Popeye's Chicken on Euclid Avenue as he took money from her register. Finally, around 6:30 p.m., defendant fled Cleveland police in a high speed chase. Defendant jumped out of his moving vehicle. Officers subsequently apprehended defendant and placed him under arrest.
>
> Defendant was charged with multiple offenses relative to the McDonald's incident and the police chase in Case No. CR-455788. Defendant entered a plea of guilty to aggravated robbery and failure to comply; in exchange the remaining four counts were dismissed. Case No. CR-457281 related to the incidents involving the Shell gas station and the Popeye's

---

[5] *Blakely v. Washington*, 542 U.S. 296 (2004).

[6] ECF # 1 at 5.

[7] Facts found by the state appeals court on its review of the record are presumed correct by the federal habeas court. *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

restaurant. Defendant was indicted in that case with aggravated robbery (count one), robbery (count two), and having a weapon while under disability (count three). Counts one and two both included notice of prior conviction and repeat violent offender specifications. Count one included additional firearm specifications. Defendant pled guilty to counts one and two; in exchange, all firearm specifications were deleted and count three was dismissed.

The trial court imposed the following sentence in Case No. CR-455788: eight years on count one served consecutive to four years on count two and consecutive to all other sentences. In case No. CR-457281, defendant received nine years on count one consecutive to six years on count two and consecutive to all other sentences. The trial court did not impose any additional time for the repeat violent offender specifications. Defendant received a total prison term of 27 years.[8]

**B.     Direct appeal**

Wilson, *pro se*, filed a timely notice of appeal from his conviction and sentencing in these two cases.[9] After having new counsel appointed,[10] Wilson thereupon filed his brief on appeal, raising two assignments of error:

1.  Algie Wilson has been deprived of his liberty without due process of law by the consecutive sentence imposed on him as said sentence does not comport with Ohio's new sentencing structure.

2.  Algie Wilson has been deprived of his liberty without due process of law and of his constitutional right to a trial by jury by the consecutive sentences imposed on him, for the reason that a jury did not find the facts which supported the consecutive sentences.[11]

---

[8] ECF # 8, Attachment (state record) at 240-41; *State v. Wilson*, No. 85598, 2005 WL 1994446, at *1 (Ohio Ct. App. Aug. 18, 2005).

[9] ECF # 8, Attachment at 86.

[10] *See*, *id*. at 101.

[11] *Id*. at 102.

-3-

The State filed a response,[12] arguing that Wilson's *Blakely* argument was inapplicable here because Wilson received less than the maximum allowable sentence and because the consecutive sentences here are permissible as they involve separate crimes.

The Ohio appeals court, in turn, overruled both assignments of error.  They concluded first that the sentence imposed did comport with Ohio's new sentencing structure and, further, that Ohio's sentencing scheme is not implicated by *Blakely*.[13]

Wilson, still represented by appointed appellate counsel from the Cuyahoga County Public Defender's Office, then timely filed a notice of appeal with the Supreme Court of Ohio.[14] Wilson raised the following single proposition of law:

> In Ohio, consecutive sentences deny defendant his liberty without due process of law and his constitutional right to trial by jury because said sentences require findings of fact by the trial court which are not submitted to or found by a jury.[15]

The State filed its response,[16] and the Ohio Supreme Court then denied Wilson leave to appeal, dismissing the appeal as not involving any substantial constitutional question.[17] Wilson moved for reconsideration, once again seeking to have his case made a companion

---

[12] *Id.* at 151-70.

[13] ECF # 8, Attachment at 244-45.

[14] *Id*. at 251-52.

[15] *Id*. at 254.

[16] *Id*. at 274-79.

[17] *Id*. at 280.

-4-

case to *State v. Foster*,[18] which was then pending before the Ohio Supreme Court,[19] but that motion was denied.[20] It appears that Wilson did not file for a writ of certiorari from the United States Supreme Court.[21]

**C.    Federal habeas petition**

Wilson, now acting through new appointed counsel,[22] filed this present petition for federal habeas relief advancing a single ground[23] for relief:

> The trial court made certain mandatory statutory findings before imposing non-minimum and consecutive prison terms on petitioner. See Ohio R.C. 2929.14(B) and (E)(4). The sentence exceeded the maximum sentence that could have been given without the mandatory findings made by the state trial court. Because the trial court made the factual findings instead of a jury, petitioner was denied his Sixth Amendment rights to have a jury determine the facts necessary to impose a non-minimum, consecutive sentence. Five days after the Ohio Supreme Court denied petitioner jurisdiction over his appeal, the state supreme court found that Ohio's sentencing scheme, as it existed when petitioner was sentenced, was unconstitutional because trial courts, rather than juries, made the findings of fact necessary to impose consecutive sentences.[24]

---

[18] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

[19] ECF # 8, Attachment at 282-84.

[20] *Id.* at 285.

[21] *See*, ECF # 8 at 5.

[22] Wilson is currently represented by the Ohio Public Defender's office. *See*, ECF # 9 at 1.

[23] As the State observes (ECF # 8 at 5), the petition itself does not actually state a ground for relief but does state facts from which the ground may be ascertained. Wilson in his traverse (ECF # 9 at 2) concurs with the State's framing of the ground for relief.

[24] ECF # 1 at 5.

In his traverse, Wilson states this claim as follows:

> [T]he sentence imposed by the Ohio trial court is void pursuant to the Sixth and Fourteenth Amendments to the United States Constitution. Wilson relies on *Blakely v. Washington*, 542 U.S. 296 (2004) as the clearly established federal law supporting his claim.[25]

In its return of writ, the State initially contends that, because Ohio's sentencing law was in "considerable flux" prior to the Ohio Supreme Court's decision in *Foster*[26] as to whether or how *Blakely* impacted Ohio's sentencing law, and because Wilson's case was concluded prior to *Foster* being decided, the decision of the state courts not to apply *Blakely* to Wilson's case was not objectively unreasonable.[27] Alternatively, the State argues that if the state courts erred in not reviewing Wilson's sentence under the *Blakely* rubric, that error was harmless because Wilson, if re-sentenced under the *Blakely* standard, could receive exactly the same sentence but without any preliminary findings of any kind.[28]

Wilson, in his traverse, maintains that the Ohio appellate court did unreasonably apply *Blakely* and that the error here was not harmless because "a void sentence cannot be harmless error."[29]

---

[25] ECF # 9 at 2.

[26] *Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470.

[27] ECF # 8 at 12-13.

[28] *Id.* at 15-18.

[29] ECF # 9 at 5-8.

## Analysis

I note first, as the State points out, that Wilson's claim is not precisely stated. In the state courts, it is clear that Wilson only objected to the imposition of consecutive sentences. Specifically, his sole proposition of law to the Ohio Supreme Court was that "consecutive sentences deny a defendant his liberty without due process of law and his constitutional right to a trial by jury because said sentences require findings of fact by the trial court which are not submitted to or found by a jury."[30]

This sole focus on fact-finding in connection with a consecutive sentence in his state claim becomes important when considering Wilson's habeas petition. There, Wilson's sole ground for relief challenges fact-finding done as a predicate to imposing a "non-minimum *and* consecutive" sentence.[31]

Therefore, the present habeas petition appears to be attempting to broaden the state claim from one restricted exclusively to fact-finding in connection with the imposition of a consecutive sentence to a claim attacking judicial fact-finding in the imposition of both a non-minimum sentence and consecutive sentences. As such, the challenge to non-minimum is subject to dismissal as not fairly presented to the state court, since it would plainly not be the same claim, nor was that federal claim presented to the state's highest court as part of the established state review procedure.[32]

---

[30] ECF # 8 at 254.

[31] ECF # 1 at 5 (emphasis added).

[32] *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

As Wilson has not fairly presented his challenge to non-minimum sentences in the state courts, has not exhausted that challenge in that forum, and has no further remedies available to him in the state courts, I will address Wilson's ground for relief as it relates to any judicial fact-finding done as a predicate to the imposition of consecutive sentences.

In addressing the use of judicial fact-finding as a predicate to the imposition of consecutive sentences in Ohio, I observe that recent decisions of this District are difficult to reconcile and do not provide sure guidance.

In *Cobbin v. Hudson*,[33] District Judge Polster examined in detail whether *Blakely*'s prohibition of judicial fact-finding in sentencing applied to the imposition of consecutive sentences. While acknowledging that the Ohio decision in *Foster* does ban judicial fact-finding as the predicate for consecutive sentences, and that *Foster* was based on the Ohio Supreme Court's application of *Blakely* to Ohio's sentencing scheme, Judge Polster observed that *Foster* was a state case, and that the "United States Supreme Court has not ruled that the imposition of consecutive sentences, based on judicial fact-finding or not, violates the Sixth Amendment; nor has it extended *Apprendi*,[34] *Blakely* or *Booker*[35] to consecutive sentences."[36]

---

[33] *Cobbin v. Hudson*, No. 1:05-cv-2809, 2008 WL 552484 (N.D. Ohio Feb. 26, 2008) (Polster, J.).

[34] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[35] *United States v. Booker*, 543 U.S. 220 (2005).

[36] *Cobbin*, 2008 WL 552484, at *2.

Accordingly, even if *Foster* prohibited judicial fact-finding in imposing consecutive sentences as a matter of state law in Ohio, Judge Polster concluded that "[b]ecause there is no clearly established [United States] Supreme Court authority applying *Apprendi*, *Blakely* or *Booker* to consecutive sentences," the petitioner in *Cobbin* could not show that the Ohio Supreme Court's rejection of his claim involving judicial fact-finding in the imposition of consecutive sentences was contrary to, or involved an unreasonable application of, any clearly established federal law.[37]

That conclusion in *Cobbin* was cited approvingly by Judge O'Malley in *Cvijetinovic v. Eberlin*.[38] Judge O'Malley stated that, while a habeas challenge to the imposition of consecutive sentences may be noncognizable, such a challenge is distinguishable from "the core *Apprendi/Blakely* claim" that a sentence is based on judicial fact-finding.[39]

In contrast to this line of cases, Judge Lioi has concluded that *Blakely* may apply to the imposition of consecutive sentences depending on the nature of the facts found by the trial judge. In *Evans v. Hudson*,[40] the Court found first that because Ohio's sentencing statute did not permit the imposition of consecutive sentences without judicial fact-finding, *Blakley*

---

[37] *Id.*, at *4. Judge Polster recently restated this conclusion in *Stalnaker v. Bobby*, No. 1:07-cv-2204, 2008 WL 4878120, at *27 (N.D. Ohio Nov. 12, 2008) (Polster, J.).

[38] *Cvijetinovic v. Eberlin*, No. 04CV2555, 2008 WL 918576, at *27 (N.D. Ohio March 31, 2008) (O'Malley, J.).

[39] *Id.*

[40] *Evans v. Hudson*, 1:07-cv-1291, 2008 WL 1929983 (N.D. Ohio April 29, 2008) (Lioi, J.).

could be violated by such fact-finding in the context of imposing consecutive sentences.[41] Specifically, the Court looked to the particular facts actually found by the state trial court for the purpose of imposing the consecutive sentence in order to determine if what was stated by the trial judge was "merely in the nature of those matters traditionally within the judge's province during sentencing (e.g., the need to protect the public and to punish the offender; history of criminal convictions); [or whether the sentencing colloquy] included impermissible fact-finding (e.g., the fear and physical harm caused to the victim)."[42]

Here, I note that Wilson's sentence came out of negotiated pleas in two separate cases, whereby the State, in return for Wilson's pleas, dismissed four counts against Wilson in the McDonald's robbery and resulting police chase and dismissed one count and all firearms specifications from the case concerning the events at the Shell gas station and the Popeye's restaurant.

I note further that, prior to making the plea, Wilson was informed by the trial judge on several occasions that, given his record, the prospect of receiving minimum sentences or concurrent sentences was "remote"[43] or "not realistic."[44]

As to minimum sentences, the trial judge specifically informed Wilson that, "I don't want to mislead you to think you'd be getting the minimum sentence here. Your prior record

---

[41] *Id.*, at *6.

[42] *Id.*, at *7.

[43] ECF # 8 at 29.

[44] *Id.* at 31.

-10-

is taken into consideration."[45] The trial judge was equally clear on the record that if there would be a plea agreement, he would "impose the plea agreement with the parties."[46]

With respect to consecutive sentences, the state trial judge was equally clear that any sentences would have to be consecutive. First, in a situation like Wilson's involving violent crime, he "never" runs sentences concurrently absent a plea agreement to that effect.[47] Next, he added that, by statute, the punishment for failure to comply with an order or signal of a police officer must be consecutive to the aggravated robbery of McDonald's.[48] Finally, he stated again that any punishment in these cases would have to be consecutive to any prison time accruing as a result of the parole violation.[49]

Thus, after explaining what Wilson could expect from pleading guilty, the trial judge once again reiterated that, absent a plea agreement as to a sentence, "I can't tell you what your sentence is going to be except that you've been down to prison before and you've done a lot of time and you got a violent crime, it's highly unlikely you'd be given the minimum sentence and I couldn't give you concurrent sentences because it's against the law regarding

---

[45] *Id.*

[46] *Id.*

[47] *Id.* at 27.

[48] *Id.* at 29, 35-37. Wilson specifically questioned how this operated in his case and, after having it explained, responded, "I understand that, then." *Id.* at 37.

[49] *Id.* at 35.

-11-

two cases here. And as a practice I normally don't give concurrent sentences on new convictions, particularly violent crimes."[50]

Finally, I would also note that Wilson, through counsel, did not ask for concurrent sentences or minimal sentence. After observing that Wilson was facing extensive prison time for his prior crimes for which he was on parole, his counsel told the court, "So anything the Court adds onto that would be superfluous, and I ask the Court for *something in mid range* [as to sentencing here]."[51]

The Court then proceeded with sentencing, telling Wilson that the sentence was going to reflect (1) a purpose to punish Wilson for his crimes, and (2) to protect the public from future crimes.[52] In connection with the first "punishment" factor, the trial judge stated that "people who have committed similar crimes in the past have to do longer time" for repeat offenses.[53] With respect to the second factor of protecting the public, the trial court noted that Wilson was on parole when these crimes were committed;[54] that these crimes were risky,

---

[50] *Id*. at 43.

[51] *Id*. at 77 (emphasis added).

[52] *Id*. at 78.

[53] *Id*. at 79.

[54] *Id.*

violent, unprovoked, and without mitigating circumstances;[55] and that Wilson's admission that he was on drugs while committing these crimes aggravated the circumstances.[56]

From all these factors, the trial judge concluded that Wilson was on parole while committing these crimes, that he had "an unenviable history of convictions and crimes of violence,"[57] and "it appears to me that you are a highly dangerous individual, highly dangerous to yourself and to society, and that incarceration is necessary to deter you and incapacitate you from future crime."[58]

In reviewing the sentencing process, I initially recommend finding no *Blakely* violation occurred because the trial judge did no more than give Wilson what he bargained for in tendering his guilty plea and, therefore, this claim should be dismissed.

First, I note that it was not the maximum possible sentence, consistent with what Wilson himself requested. Further, it followed exactly what the trial judge had told Wilson prior to the plea he could expect.

As such, this case is analogous to *Esparza v. Wolfe*,[59] where the District Court adopted the Magistrate Judge's conclusion that no *Blakely* violation occurs when a state trial judge

---

[55] *Id*. at 79-80.

[56] *Id*. at 80. Wilson admitted in open court that he was on drugs while committing the crimes. *Id*. at 78.

[57] *Id*. at 80.

[58] *Id.*

[59] *Esparza v. Wolfe*, No. 3:06-cv-1690, 2008 WL 4452718 (N.D. Ohio Sept. 30, 2008).

imposes a sentence bargained for by a plea agreement.[60] Although *Esparza* differs from the present matter in that the petitioner in *Esparza* received the precise sentence agreed to in his plea agreement, the case is otherwise analogous in that Wilson entered his plea knowing the conditions, particularly as to consecutive sentencing, that would apply to him. He made his plea in reliance on those stated conditions, receiving, in return, the benefit of the State dismissing numerous counts and also a sentence fully in line with the trial judge's pre-plea guidance. It would be difficult for pleas to go forward if a sentence imposed under these conditions could be voided because the trial judge at sentencing did exactly what he said he was going to do as part of the colloquy that the defendant participated in and relied on to produce his plea.

However, alternatively, if the District Judge does not believe this case is an extension of the rule in *Esparza*, then I recommend finding that the facts cited by the trial judge at sentencing were "merely in the nature of those matters traditionally within the judge's province during sentencing ..." and so did not result in a *Blakely* violation.[61]

In fact, as the record demonstrates, the trial judge confined any fact-finding to Wilson's prior record, including that his previous crimes were ones of violence, and that, as an offender on parole, he was at high risk of recidivism. Specifically, the trial judge here did not venture into any fact-finding as to any specific traumas suffered by the victims,[62] except

---

[60] *Id.*, at *8.

[61] *Evans*, 2008 WL 1929983, at *7.

[62] *See*, *Davis v. Eberlin*, 5:06-cv-398, 2008 WL 618968, at *9 (N.D. Ohio March 3, 2008) (Lioi, J.).

to rely on the facts, admitted by the defendant in pleading guilty to violent offender specifications and reflected on the record of his past crimes, that the crimes here involved violence and that Wilson was a repeat violent offender.

As such, these finding do not violate *Blakely*, and Wilson's claim should be denied since the decision of the state court should then be found to be neither an unreasonable application of, nor contrary to, *Blakely*.[63]

## Conclusion

For the foregoing reasons, I recommend that this petition either be denied because no *Blakely* violation can occur when a sentence is imposed consistent with an agreed-to plea, or because any facts found here by the trial judge in sentencing were permissible ones related to the facts and nature of Wilson's admitted crimes and Wilson's prior criminal history.

Dated:  December 24, 2008                                   s/ William H. Baughman, Jr.
                                                            United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[64]

---

[63] 28 U.S.C § 2254(d)(1)(2); *Williams v. Taylor*, 529 U.S. 362 (2000).

[64] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).