# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ALGIE WILSON, | CASE NO. 1:07CV835 |
| PETITIONER, | JUDGE SARA LIOI |
| vs. | |
| | MEMORANDUM OPINION |
| DAVID BOBBY, Warden | |
| RESPONDENT. | |

This action is before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. (Doc. No. 10.) Petitioner David Bobby (petitioner) has filed his objections to the Report. (Doc. No. 11.) For the reasons that follow, the Report and Recommendation is **ACCEPTED** in part and **REJECTED** in part. Petitioner's application for a writ of habeas corpus. (Doc. No. 1) is **DENIED**.

## I.

### FACTUAL BACKGROUND

Because petitioner objected only to those portions of the Magistrate Judge's Report and Recommendation addressing the constitutionality of the sentence imposed, the remainder of the Report—including its account of the factual and procedural history of the case—is hereby accepted as written. Thus, the Court will only provide a brief review of the facts, as found by the state appellate court, sufficient to provide context for the asserted objections.

Petitioner was charged in two separate cases with multiple offenses relating to his robberies of two fast-food restaurants and a gas station, and a high speed chase that ultimately led to petitioner's arrest. In the first case, Case No. CR-455788, petitioner entered a plea of guilty to aggravated robbery and failure to comply. In the second case, Case No. CR-457281, petitioner pled guilty to aggravated robbery and robbery. Both crimes carried with them violent offender specifications. In exchange for his guilty pleas, several charges and two firearm specifications were dismissed. (Doc. No. 8, Ex. 1, state appellate decision, *P3.)

Before petitioner entered his guilty pleas, he was informed by the trial court that, given his record and the violent nature of his offenses, the prospect of receiving minimum or concurrent sentences was "highly unlikely." (Doc. No. 8, Ex. 9, Trial Transcript, p. 22.) Indeed, the trial court repeated several times that petitioner could expect to receive consecutive sentences. (*Id.*, pp. 6, 8, 14, 22-23.)

With respect to the first case, the trial court imposed a sentence of eight years for aggravated robbery to be served consecutive to a four year sentence for failure to comply, all to be served consecutively with any other sentence. Petitioner received nine years for aggravated robbery consecutive to six years for robbery in the second case. In all, petitioner received a cumulative prison term of 27 years. (Doc. No. 8, Ex. 1, *P3.)

On direct appeal, petitioner raised two assignments of error confined to issue of the constitutionality of the consecutive sentences. On August 18, 2005, the Eighth Appellate District, Cuyahoga County Court of Appeals, denied his appeal, rejecting petitioner's challenge to the consecutive sentences. (Doc. No. 8, Ex. 1.)

Petitioner also sought review by the Ohio Supreme Court on the same issue of the constitutionality of the consecutive sentences. (Doc. No. 8, Ex. 17, Jurisdictional Memo., p. 4.) The appeal was dismissed as not involving any substantial constitutional question. (Doc. No. 8, Ex. 19, Dismissal.) Petitioner's motion for reconsideration was also denied by the Ohio Supreme Court. (Doc. No. 8, Ex. 21, Denial of Mot. for Reconsideration.)

In his sole ground for relief advanced in his federal petition for a writ of habeas corpus, petitioner, once again, challenges the constitutionality of the consecutive sentences imposed by the trial court. He also complains for the first time that the fact that the sentences imposed exceeded the statutory minimum set forth in the then-applicable Ohio sentencing statute, Ohio Rev. Code § 2254(d)(1), were unconstitutional.[1] Relying on *Blakely v. Washington*, 542 U.S. 296 (2004), and its prohibition on impermissible judicial fact-finding at sentencing, petitioner argues that the "sentence imposed by the Ohio trial court is void pursuant to the Sixth an Fourteenth Amendments to the United States Constitution." (Doc. No. 9, Traverse, p. 2.)

In his Report and Recommendation, the Magistrate Judge found, without discussion, that petitioner had procedurally defaulted on his claim relating to the constitutionality of the non-minimum sentences. The Magistrate Judge further concluded that petitioner's consecutive sentences were not unconstitutional for two reasons. First,

---

[1] On February 27, 2006, five days after the Ohio Supreme Court refused to reconsider petitioner's appeal, the state supreme court issued *State v. Foster* wherein the court struck down Ohio's sentencing statute, Ohio Rev. Code § 2929.14(E) as unconstitutional under *Blakely* because the statute required the court to make judicial finding, not proven by a jury beyond a reasonable doubt or admitted by the defendant, before the imposition of consecutive sentences. *Foster*, 109 Ohio St. 3d 1, 26 (2006).

3

the sentences were the result of negotiated pleas, and the trial court clearly advised petitioner that he was not likely to receive concurrent sentences. Second, the trial judge confined his fact-finding to petitioner's prior record, including his history of violence; areas traditionally within a trial court's province during sentencing.

## II.

### STANDARD OF REVIEW

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides, "[t]he judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

With respect to challenges to the determinations made by the appellate state courts in petitioner's case, this Court has a very limited scope of review. In § 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996, Congress enacted a rebuttable presumption that a federal court may not grant habeas relief from a state court conviction if the last state court adjudicated "on the merits" the same federal law question that is presented to the federal court. Congress further created two exceptions to that bar. Specifically, a federal court may grant habeas relief where the state court adjudication is either "contrary to" or "involved an unreasonable application of" settled federal law, as decided by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Habeas relief is also available where the result in the state court represented a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2). Where a ruling in state

4

court is "on the merits," this Court must give "deference to the state court." *McKenzie v. Smith*, 326 F.3d 721, 726 (6th Cir. 2003).

### III.

### LAW AND ANALYSIS

The Court agrees with the Magistrate Judge's assessment that the scope of petitioner's ground for relief is entirely unclear. While petitioner confined his attack upon his sentence in the state appellate court to the imposition of consecutive sentences, he now appears to also argue that the sentencing court erred in imposing sentences that exceeded the statutory minimum. The Magistrate Judge recommended a finding that petitioner had failed to exhaust his administrative remedies with respect to his challenge to the non-minimum sentences, and that he had no further remedies available to him in the state courts. The Court will briefly address the issues of exhaustion and procedural default.

### A. **Failure to Exhaust**

A state prisoner must exhaust all available state remedies or have no remaining state remedies prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c). *See Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991). If any state procedures for relief remain available, the petitioner has not exhausted state remedies. *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). Petitioner bears the burden of proving that his asserted grounds for relief have been exhausted. *Id*.

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 459 U.S. 4 (1982); *Picard v. Connor* 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). Federal courts lack jurisdiction to consider any claim that was not fairly presented to the state courts. *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard,* 404 U.S. at 275. The exhaustion requirement is properly satisfied when the highest court in which petitioner was convicted has been given a full and fair opportunity to rule on all of the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

A review of the record reveals that petitioner failed to present his constitutional claim relating to non-minimum sentences to any state court prior to raising it in this Court. Indeed, his petition represents the first time that he has suggested that his non-minimum sentences were improperly imposed.  It was, therefore, not fairly presented in the state courts.

### B. Procedural Default

When a petition contains both exhausted and unexhausted claims, the district court generally must dismiss the petition in its entirety, thus giving the petitioner the opportunity to present the unexhausted claims in state court. *See Rose v. Lundy*, 455 U.S. 509, 518-20 (1982); *Rockwell v. Ukins*, 217 F.3d 421, 424 (6th Cir. 2000). In the present case, however, the Magistrate Judge also recommended a finding that petitioner had no further remedies available to him in the state courts on this issue. (Report, p. 8.)

"[W]hen a claim is unexhausted, but the petitioner has no remaining avenues to pursue relief in the state court, for whatever reason, the district court will analyze the petition under procedural default." *Cvijetinovic v. Eberlin*, 2008 WL 918576, *4 (N.D. Ohio Mar. 31, 2008) (citing *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001)).

With respect to unexhausted claims, if an adequate and independent state ground forecloses further consideration of the unexhausted claim in state courts, a state prisoner has technically exhausted his state remedies because none are available to him. *Banks v. Jackson*, 149 Fed. App'x 414, 418 (6th Cir. 2005). The claim, then, would be barred from federal review not for failure to exhaust, but for procedural default. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *Lorraine v. Coyle*, 291 F.3d 416, 422 (6th Cir. 2002). *See e.g., St. Helen v. Senkowski*, 374 F.3d 181, 183-84 (2d Cir. 2004) (unexhausted claim procedurally barred because it could no longer be brought in state court). A petitioner may avoid the procedural bar if he can demonstrate cause and prejudice for the default, or that a miscarriage of justice will result from enforcing the default. *Lorraine*, 291 F.3d at 422.

As previously discussed, petitioner did not raise the issue of the constitutionality of the non-minimum sentences in his direct appeal, and he is without recourse to raise this issue now in state court. This claim is, therefore, procedurally defaulted because it rests on a theory which is separate and distinct from the one previously considered and rejected in state court. *See Lott v. Coyle*, 261 F.3d 594, 607 (6th Cir. 2001). *See also O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999) (Where the state court remedy for an unexhausted claim is no longer available, procedural default

bars that claim.); *Lorraine*, 291 F.3d at 425. Inasmuch as this claim is procedurally defaulted, and petitioner has made no attempt to excuse the default, the claim is properly dismissed. *See e.g., Steele v. Tambi*, 2007 U.S. Dist. LEXIS 33318, *24 (N.D. Ohio May 7, 2007).

### C. Consecutive Sentences

Petitioner lodges two objections to the Magistrate Judge's recommendation that the Court find that the imposition of consecutive sentences did not violate *Blakely v. Washington*, 542 U.S. 296 (2004). First, petitioner argues that the Magistrate Judge erred in concluding that *Blakely* did not apply to sentences imposed after a guilty plea has been negotiated.[2] (Doc. No. 11, p. 2.) In support of this objection, petitioner distinguishes the case relied upon by the Magistrate Judge, *Esparaza v. Wolfe*, 2008 U.S. Dist. LEXIS 76396 (N.D. Ohio Sept. 30, 2008), by noting that the former case involved a jointly recommended sentence while petitioner's sentence was not the result of a similar agreement.

Second, petitioner takes issue with the Magistrate Judge's determination that the fact-finding engaged in by the trial court was permissible under *Blakely* because it was confined to matters "traditionally within the judge's province during sentencing […]." (Report, p. 14.) Petitioner suggests that the Magistrate Judge's conclusions are somehow inconsistent with the state court of appeal's determination the trial court

---

[2] In reaching the conclusion that *Blakely* was inapplicable, the Magistrate Judge observed that "no *Blakely* violation occurred because the trial judge did no more than give Wilson what he bargained for in tendering his guilty plea and, therefore, this claim should be dismissed." (Report, p. 13.)

8

complied with the then applicable sentencing statute, Ohio Rev. Code § 2929.14(E).[3]

Any question regarding whether *Blakely* applies to the imposition of consecutive sentences has been definitively resolved by the United States Supreme Court. In the recently announced decision of *Oregon v. Ice*, __U.S. __, 2009 WL 77896 (Jan. 14, 2009), the Court ruled that a state sentencing statute that provides for the imposition of consecutive sentences based upon a trial court's fact-findings did not violate *Blakely*. *Id*. at *3. Specifically, the Court held that "the Sixth Amendment does not inhibit States from assigning to judges, rather than to juries, the finding of facts necessary to the imposition of consecutive, rather than concurrent, sentences for multiple offenses." 2009 WL 77896, *1, syllabus. Because the Supreme Court has ruled that *Blakely* is not violated by a sentencing statute that allows for judicial fact-finding to support consecutive sentences, petitioner's second objection is **OVERRULED**.

Further, because the Court finds the decision in *Ice* dispositive on the issue of the constitutionality of petitioner's consecutive sentences, it need not reach the Magistrate Judge's alternative argument relating to the applicability of *Blakely* to negotiated pleas. The Court, therefore, **REJECTS** that portion of the Report that recommends the denial of the petition on the ground that petitioner entered into his plea agreement in reliance upon the trial court's representations that he was likely to receive consecutive sentences. Petitioner's first objection is, therefore, moot.

---

[3] It is important to note that both the state appellate court and the Magistrate Judge arrived at the same conclusion that the imposition of consecutive sentences did not violate *Blakely*. (*See* Doc. No. 8, Ex. 1, *P17.)

### III.

### CONCLUSION

For the reasons discussed above, the Report and Recommendation is **REJECTED** in part and **ACCEPTED** in part. The petition for writ of habeas corpus is **DENIED** and this case is **DISMISSED**.

**IT IS SO ORDERED**.

Dated: January 29, 2009

                                           **HONORABLE SARA LIOI**
                                           **UNITED STATES DISTRICT JUDGE**